**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 14-7394**

—————————

ROYLIN JUNIUS BEALE,

        Plaintiff - Appellant,

    v.

DEPUTY J. P. MADIGAN; OFFICER R. BLOW; OFFICER HARLESS; OFFICER PEELE; OFFICER CORPREW,

        Defendants - Appellees,

    and

CAPTAIN PHILLIPS,

        Defendant.

—————————

On Remand from the Supreme Court of the United States.
(S. Ct. No. 14-9707)

—————————

Submitted:  August 24, 2016       Decided:  August 26, 2016

—————————

Before SHEDD, WYNN, and THACKER, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Roylin Junius Beale, Appellant Pro Se.  Scott Christopher Hart, SUMRELL, SUGG, CARMICHAEL, HICKS & HART, PA, New Bern, North Carolina, for Appellees.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roylin Junius Beale filed a 42 U.S.C. § 1983 (2012) action alleging that prison officials used excessive force against him while he was a pretrial detainee at the Pitt County Detention Center and that they were deliberately indifferent to his resulting medical needs. The district court granted Defendants' motion for summary judgment. We affirmed the court's order. See Beale v. Madigan, 589 F. App'x 107 (4th Cir. 2014) (per curiam). On October 5, 2015, the Supreme Court granted Beale's petition for a writ of certiorari, vacated the judgment, and remanded to this court for further consideration in light of Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015). We have received the parties' supplemental briefs, and this matter is ripe for disposition.

In Kingsley, the Supreme Court held that a pretrial detainee asserting an excessive force claim must demonstrate "only that the force purposely or knowingly used against him was objectively unreasonable." 135 S. Ct. at 2473. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham v. Connor, 490 U.S. 386, 396 (1989)). Considerations such as the following may bear on the reasonableness or

2

unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. Kingsley, 135 S. Ct. at 2473. Moreover, it is appropriate to determine whether the force used was objectively reasonable in "full context," as a segmented view of the events "misses the forest for the trees." Smith v. Ray, 781 F.3d 95, 101 (4th Cir. 2015) (brackets and internal quotation marks omitted).

Viewed from this legal lens, in the light most favorable to Beale to the extent supported by the record, we conclude that the officers' actions did not amount to excessive force and that the district court, therefore, properly granted summary judgment to the Defendants. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED